**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security　　　　0 Assumption of Executory Contract or Unexpired Lease　　　　0 Lien Avoidance

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re: **Yamsel M Benvenutti**
　　　　**Javier Benvenutti**

Case No.: **18-27324**
Judge:

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original　　　　☑ Modified/Notice Required　　　Date: December 5, 2018
☐ Motions Included　　☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **BS**    Initial Debtor: **YMB**    Initial Co-Debtor **J B**

## Part 1: Payment and Length of Plan

a. The debtor shall pay: $5,600 already paid into plan and then **$1,405.00 Monthly** to the Chapter 13 Trustee, starting on **January 1, 2019** for approximately **56** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection    **X NONE**

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Brad J. Sadek, Esquire** | **Attorney Fees** | **2,610.00** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
- ☑ None
- ☐ The allowed priority claims listed below are based on a domestic support obligation that has been

2

| assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4): | | | |
|---|---|---|---|
| Creditor | Type of Priority | Claim Amount | Amount to be Paid |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|
| **Drive Time Credit Co** | **2014 Fiat 500L 100000 miles** | **2,580.00** | **2,580.00** | **430.00** |
| **Drive Time Credit Co** | **2012 Fiat 500 115,000 miles** | **2,568.00** | **2,568.00** | **428.00** |
| **Exeter Finance Corp** | **2014 Kia Sorento 125,000 miles** | **1,207.85** | **1,207.85** | **623.97** |
| **Harley Davidson Financial** | **2013 Harley-Davidson XL1200C** | **4,310.52** | **4,310.52** | **341.34** |

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

3

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

### f. Secured Claims Unaffected by the Plan ☑ NONE

The following secured claims are unaffected by the Plan:

Creditor

### g. Secured Claims to be Paid in Full Through the Plan ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| Winslow Township Tax | 20 Edgeview Lane, Sicklerville, NJ 08081 | $1,144.83 |
| US Bank, NA | 20 Edgeview Lane, Sicklerville, NJ 08081 | $53,145.01 |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $____ to be distributed *pro rata*

☑ Not less than **100** percent. Claim 16-1 is a Student Loan and shall be paid outside the Chapter 13 Plan and directly to the Creditor.

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6: Executory Contracts and Unexpired Leases  X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7: Motions  X NONE

4

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ **NONE**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**

      6)    **General Unsecured Claims**

**d. Post-Petition Claims**

The Standing Trustee ☒ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification    ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **November 13, 2018**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **To make plan 100% Plan, to update the plan to conform with proof of claims 9-1 and 15-1 and include US Bank, as holder of the tax certificate** | **The Plan indicates the correct arrears per the filed claims and states that student loans shall be paid outside the Plan.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?     ☐ Yes     ☐ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☒ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: December 6, 2018      **/s/ Yamsel M Benvenutti**
                                            **Yamsel M Benvenutti**
                                            Debtor

Date: December 6, 2018      **/s/ Javier Benvenutti**
                                            **Javier Benvenutti**
                                            Joint Debtor

Date December 6, 2018      **/s/ Brad J. Sadek, Esquire**
                                            **Brad J. Sadek, Esquire**
                                            Attorney for the Debtor(s)

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

```
United States Bankruptcy Court
District of New Jersey

In re:                                                          Case No. 18-27324-ABA
Yamsel M. Benvenutti                                            Chapter 13
Javier Benvenutti
      Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0312-1          User: admin              Page 1 of 2          Date Rcvd: Dec 11, 2018
                              Form ID: pdf901          Total Noticed: 37

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 13, 2018.
db/jdb        +Yamsel M. Benvenutti,    Javier Benvenutti,    20 Edgeview Lane,    Sicklerville, NJ 08081-1919
517728890     +ARS/Account Resolution Specialist,    PO Box 459079,    Fort Lauderdale, FL 33345-9079
517728893     +Citibank,    Citicorp Credit Services/Centralized Bnk,    PO Box 790040,
               Saint Louis, MO 63179-0040
517728894     +Convergent Outsourcing,    P.O. Box 9004,    Renton, WA 98057-9004
517728900     +Financial Recoveries,    Attn: Bankruptcy,    Po Box 1388,    Mount Laurel, NJ 08054-7388
517866624      GLHEC & Aff obo USAF,    PO Box 8961,    Madison WI 53708-8961
517821153     +Harley-Davidson Credit Corp.,    PO Box 9013,    Addison, Texas 75001-9013
517728902     +I C System Inc,    444 Highway 96 East,    P.O. Box 64378,    St. Paul, MN 55164-0378
517728904     +Navient,    Attn: Bankruptcy,    Po Box 9000,    Wiles-Barr, PA 18773-9000
517731037     +Orion,    c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517728905     +Traf Group Inc/A-1 Collections,    2297 State Hwy 33,    Suite 906,
               Hamilton Square, NJ 08690-1717
517728906     +Trident Asset Management,    Attn: Bankrupcy,    PO Box 888424,    Atlanta, GA 30356-0424
517728907     +US Bank,    PO Box 790185,    Saint Louis, MO 63179-0185
517728909      Winslow Township Tax,    Collector's Office 125,    South Route 73,    Hammonton, NJ 08037

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Dec 12 2018 00:26:21     U.S. Attorney,    970 Broad St.,
               Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Dec 12 2018 00:26:17     United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
               Newark, NJ 07102-5235
517778112      E-mail/PDF: resurgentbknotifications@resurgent.com Dec 12 2018 00:28:46
               Ashley Funding Services, LLC its successors and,    assigns as assignee of Laboratory,
               Corporation of America Holdings,    Resurgent Capital Services,    PO Box 10587,
               Greenville, SC 29603-0587
517728891     +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Dec 12 2018 00:28:02     Capital One,
               Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
517773355      E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Dec 12 2018 00:28:02
               Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
517728892     +E-mail/Text: bankruptcy@usecapital.com Dec 12 2018 00:27:35     Capitol Accounts,
               PO Box 140065,    Nashville, TN 37214-0065
517733788     +E-mail/Text: bankruptcy@cavps.com Dec 12 2018 00:26:36     Cavalry SPV I, LLC,
               500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
517728895     +E-mail/Text: bankruptcy_notifications@ccsusa.com Dec 12 2018 00:27:07
               Credit Collection Services,    Attn: Bankruptcy,    725 Canton Street,    Norwood, MA 02062-2679
517728896     +E-mail/PDF: creditonebknotifications@resurgent.com Dec 12 2018 00:28:09     Credit One Bank,
               Attn: Bankruptcy,    Po Box 98873,    Las Vegas, NV 89193-8873
517728897     +E-mail/Text: mrdiscen@discover.com Dec 12 2018 11:07:47     Discover Financial,    PO Box 3025,
               New Albany, OH 43054-3025
517728898     +E-mail/Text: dl-collectionsbankruptcyteam@drivetime.com Dec 12 2018 00:26:46
               Drive Time Credit Co,    Attn: Bankruptcy,    4020 E Indian School Road,
               Phoenix, AZ 85018-5220
517728899     +E-mail/PDF: ais.exeter.ebn@americaninfosource.com Dec 12 2018 00:28:41     Exeter Finance Corp,
               PO Box 166008,    Irving, TX 75016-6008
517857906     +E-mail/PDF: ais.exeter.ebn@americaninfosource.com Dec 12 2018 00:28:07     Exeter Finance LLC,
               P.O. Box 167399,    Irving, TX 75016-7399
517737558     +E-mail/PDF: acg.acg.ebn@americaninfosource.com Dec 12 2018 00:28:04     Exeter Finance LLC,
               AIS Portfolio Services, LP,    4515 N Santa Fe Ave. Dept. APS,    Oklahoma City, OK 73118-7901
517728901     +E-mail/Text: bankruptcy.notices@hdfsi.com Dec 12 2018 00:26:56     Harley Davidson Financial,
               Attn: Bankruptcy,    PO Box 22048,    Carson City, NV 89721-2048
517778113      E-mail/PDF: resurgentbknotifications@resurgent.com Dec 12 2018 00:28:46
               LVNV Funding, LLC its successors and assigns as,    assignee of MHC Receivables, LLC and,
               FNBM, LLC,    Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517778085      E-mail/PDF: resurgentbknotifications@resurgent.com Dec 12 2018 00:28:11
               LVNV Funding, LLC its successors and assigns as,    assignee of Arrow Financial Services,,
               LLC,    Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517728903     +E-mail/Text: bankruptcydpt@mcmcg.com Dec 12 2018 00:26:16     Midland Funding,
               8875 Aero Drive,    Suite 200,    San Diego, CA 92123-2255
517755820      E-mail/Text: ally@ebn.phinsolutions.com Dec 12 2018 00:25:18     National Auto Finance Company,
               PO Box 130424,    Roseville MN 55113-0004
517851866     +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 12 2018 00:28:09
               Orion Portfolio Services, LLC,    c/o PRA Receivables Management, LLC,    PO Box 41021,
               Norfolk VA 23541-1021
517743958     +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Dec 12 2018 00:28:12     T Mobile/T-Mobile USA Inc,
               by American InfoSource as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
517728908     +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Dec 12 2018 00:25:11
               Verizon,    Attn: Wireless Bankruptcy Dept,    500 Technology Dr,    Suite 500,
               Weldon Springs, MO 63304-2225
517838004     +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Dec 12 2018 00:28:47     Verizon,
               by American InfoSource as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                               TOTAL: 23
```

```
              ***** BYPASSED RECIPIENTS (continued) *****

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 13, 2018                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 7, 2018 at the address(es) listed below:

```
              Brad J. Sadek    on behalf of Debtor Yamsel M. Benvenutti bradsadek@gmail.com,  bradsadek@gmail.com
              Brad J. Sadek    on behalf of Joint Debtor Javier   Benvenutti bradsadek@gmail.com,
               bradsadek@gmail.com
              Isabel C. Balboa    ecfmail@standingtrustee.com,  summarymail@standingtrustee.com
              Raymond  Shockley, Jr   on behalf of Trustee Isabel C. Balboa ecf@standingtrustee.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                                TOTAL: 5
```